LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terri L. Sanchez,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>　　　　　Defendant. | No. CV 06-0571-PHX-DGC (HCE)<br><br>**ORDER** |

This is a civil rights action filed by a county jail inmate. The Court dismissed Plaintiff's original Complaint with leave to amend because (1) she had improperly attempted to enforce the Amended Judgment in Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.) in this action, and (2) she failed to set forth allegations showing how Sheriff Arpaio acted to violate her constitutional rights. See Dkt. #3. Plaintiff has now filed her First Amended Complaint. See Dkt. #5. She has not, however, corrected any of the deficiencies. Instead, her First Amended Complaint is virtually identical to her original Complaint and thus contains the same errors regarding enforcement of Hart v. Hill and the lack of allegations regarding the conduct of Sheriff Arpaio.

There is no explanation why Plaintiff failed to correct the noted deficiencies. The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). The failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires

**JDDL-K**

granting leave to amend. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). Granting leave to amend is unnecessary if the defect cannot be cured. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). Because Plaintiff, without any explanation, has ignored the Court's earlier Order dismissing her original Complaint with leave to amend, the Court finds that allowing further opportunities for amendment would be futile. The Court will therefore dismiss the First Amended Complaint and this action for failure to state a claim.

**IT IS ORDERED** that the First Amended Complaint (dkt. #5) and this action are **dismissed** for failure to state a claim. The Clerk of Court shall enter a judgment of dismissal and note that the dismissal falls under 28 U.S.C. § 1915(g).

DATED this 22nd day of May, 2006.

_____
David G. Campbell
United States District Judge